**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEONCE EMMANUEL ALLAN KONATE,     ) | |
|      ) | Case No. 1:26-cv-12083-FDS |
| Petitioner,      ) | |
|      ) | |
| v.      ) | |
|      ) | |
| ANTONE MONIZ, Superintendent, Plymouth  ) | |
| County Correctional Facility;     ) | |
| DAVID WESLING, ICE Boston Field Office  ) | |
| Director; TODD LYONS, Acting Director,   ) | |
| U.S. Immigration and Customs Enforcement;  ) | |
| and MARKWAYNE MULLIN, U.S. Secretary  ) | |
| of Homeland Security,     ) | |
|      ) | |
| Respondents.      ) | |

**PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioner respectfully submits the following supplemental authorities, each decided after the filing of Petitioner's Reply (ECF #7) on June 2, 2026, and each bearing on the issues briefed by the parties.

1.      **Martinez Aguilar v. McDonald, No. 25-cv-13638-LTS (D. Mass. June 5, 2026).**
This Court found that a perfunctory bond hearing at which the Immigration Judge did not consider the petitioner's evidence and improperly relied on a single factor to justify a flight-risk finding did not comport with due process, and granted the petitioner's motion to enforce. Cited in support of Petitioner's argument at Reply pp. 5-8 that the IJ failed to consider substantial documentary evidence and denied bond on a record that did not, as a matter of law, establish flight risk by a preponderance of the evidence.

2.      **Slander Mourao v. Moniz, No. 1:26-cv-11443 (D. Mass. June 25, 2026).**
This Court held that the petitioner's immigration bond hearing was legally deficient because the Immigration Judge did not apply the correct legal standard for determining flight risk, and because the evidence did not show flight risk as a matter of law. The Court ordered immediate release. Cited in support of Petitioner's arguments at Reply p. 5 that the IJ applied a totality-of-the-circumstances test rather than the preponderance standard, and at Reply p. 16 for the requested remedy of release without a further bond hearing.

3.      **Carela v. Wesling, No. 26-12873-NMG (D. Mass. July 17, 2026).**
This Court found that a bond hearing did not comport with due process where the Immigration Judge did not consider that the pending criminal charges relied on for the flight-risk finding had been dismissed, and where the record evidence did not otherwise support the denial of bond. Cited in support of Petitioner's arguments at Reply pp. 6-7 that reliance on dismissed charges cannot satisfy the preponderance standard and that the IJ's failure to address the dispositions of the charges violated due process.

4.      **Luis Luis v. Nessinger, No. 26-cv-279-JJM-PAS (D.R.I. June 17, 2026).**
The District of Rhode Island held that dismissed criminal charges could not constitute a preponderance of evidence of flight risk sufficient to justify continued detention after two bond hearings. Applying the Mathews v. Eldridge balancing test, the court found the petitioner had a strong liberty interest, an erroneous deprivation was likely, and the dismissed charges combined with the lack of other indicia of flight risk did not create a compelling government interest in continued detention. Cited as persuasive authority from a district within the First Circuit in support of Petitioner's arguments at Reply pp. 6-7 (dismissed charges) and at Reply pp. 14-15 (Mathews framework and prolonged detention).

**5.    Mbiya v. Doe, No. 1:26-cv-00467-JL-TSM, Opinion 2026 DNH 094 (D.N.H. July 21, 2026).**

The District of New Hampshire held that the evidence before the Immigration Judge was insufficient as a matter of law to show risk of flight. Cited as persuasive authority from a district within the First Circuit in support of Petitioner's arguments at Reply pp. 5-8 that the record evidence before the IJ - dismissed charges, an unsubstantiated I-213 notation, and a bare misdemeanor conviction - could not, as a matter of law, satisfy the preponderance standard for flight risk.

**6.    Ramos v. Perry, No. 1:26-cv-917 (E.D. Va. June 17, 2026).**

The Eastern District of Virginia held that a bond hearing was constitutionally deficient because the Immigration Judge impermissibly relied on factors that did not bear a relation to flight risk. Cited as persuasive authority in support of Petitioner's arguments at Reply pp. 7-8 that a flight-risk finding must be tethered to record evidence probative of flight risk, and that reliance on factors bearing no such relation - including a bare misdemeanor conviction and dismissed charges - is constitutionally infirm.

**7.    Roberts v. Scott, No. 2:26-cv-01333-TL (W.D. Wash. July 17, 2026).**

The Western District of Washington concluded: "In sum, the IJ reached a conclusion untethered to the evidence before her and erred as a matter of law in finding Petitioner poses a flight risk and in denying her bond. Because of this, the proceeding was fundamentally deficient, and Petitioner was denied due process of law." Cited as persuasive authority in support of Petitioner's argument at Reply pp. 5-8 that the IJ's flight-risk finding here was likewise untethered to the record and constituted legal error.

Petitioner respectfully requests that the Court consider these authorities in connection with the pending Petition.

Respectfully submitted,
*Counsel for Petitioner*

*/s/Justin R. Dashner*
Justin R. Dashner, Esq.
BBO# 688786
90 Canal Street, Fourth Floor
Boston, MA 02114
(617) 871-9765
justin@dashnerlawfirm.com

Dated: August 6, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed on this date through the Court's ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 6, 2026

*/s/Justin R. Dashner*
Justin R. Dashner, Esq.